**\*AMENDED HLD-004**  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3031

_____

IN RE: CALEB L. MCGILLVARY,

Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to Civ. No. 2:21-cv-17121)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 14, 2024

Before: CHAGARES, <u>Chief Judge</u>, HARDIMAN, and PORTER, <u>Circuit Judges</u>

(Opinion filed September 11, 2025)

_____

OPINION[*]

_____

PER CURIAM

     In October 2024, Caleb McGillvary filed a pro se petition for a writ of mandamus challenging the District Court's administrative closure of <u>McGillvary v. Galfy, et al.</u>, E.D. Pa. Civ. No. 2:21-cv-17121. In the petition, he asserted that the District Judge violated his due-process rights by removing his case from the active docket. He asked this Court to reassign the matter to another district judge.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

We will deny the petition. On August 15, 2025, the District Judge entered an order transferring McGillvary's civil action to the Honorable John Milton Younge of the United States District Court for the Eastern District of Pennsylvania. As a result, his request for relief is moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–9 (3d Cir. 1996) ("If developments occur during the course of adjudication that … prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").[1]

---

[1] In light of our disposition, all pending motions and requests are denied.